UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DERRICK TEAQUE,

                Plaintiff,

-against-                                **NOT FOR PUBLICATION**

DEPARTMENT OF CORRECTIONS CITY OF     **MEMORANDUM & ORDER**
NEW YORK, DRIVER OF NYC CORRECTIONS     **18-CV-3751 (PKC) (LB)**
BUS,

                Defendants.
------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

On June 21, 2018,[1] Plaintiff Derrick Teaque, currently incarcerated at Mid-State Correctional Facility, filed this *pro se* action pursuant to 42 U.S.C. § 1983 ("§ 1983") against the New York City Department of Correction ("DOC") and an unnamed DOC bus driver. The Court grants Plaintiff's request to proceed *in forma pauperis*. This action is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B), with leave to replead as set forth below.

**BACKGROUND**

Plaintiff alleges that on July 31, 2015, he was injured while riding on a DOC bus departing from Rikers Island to Kings County Supreme Court. (Compl., Dkt. 1 at ECF 7.)[2] Plaintiff alleges that he sustained injuries to his right ankle and his right knee that require him to wear braces for his knee and ankle, as well as supportive shoes. (*Id.* at ECF 5, 7.) He seeks damages of $250,000

---

[1] The Complaint and other documents are dated May 11, 2018, but were received by the Court on June 21, 2018.

[2] For ease of reference, citations to Court documents utilize the pagination generated by the CM/ECF docketing system and not the document's internal pagination.

for negligence and personal injury. (*Id.* at ECF 5.) Plaintiff also alleges that he has been denied adequate treatment from the medical staff at Mid-State Correctional Facility. (*Id.* at ECF 6.)

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys. The Court is required to read a plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory). Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action for the same reasons. However, the Court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

### I. Claims Under 42 U.S.C. § 1983

In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* Section 1983 does not create any independent substantive rights, but rather is a vehicle to "redress ... the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985); *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993)).

#### A. Defendant DOC is Not a Suable Entity

Plaintiff's Complaint against the DOC cannot proceed. Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter Ch. 17, § 396. That provision has been construed to mean that New York City departments and agencies, such as the DOC, distinct from the City itself, lack the capacity to be sued. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Johnson v. Dobry,* 660 F. App'x 69, 72 (2d Cir. 2016) (citing N.Y. City Charter Ch. 17, § 396, which states that actions must be brought against the City of New York, not an agency); *Gregory v. City of New York*, No. 18-CV-320 (PKC), 2018 WL 3079695, at *2 (E.D.N.Y. June 21, 2018) (DOC cannot be sued) (citation omitted). Therefore, the Complaint against the DOC is dismissed for failure to state a claim. 28 U.S.C. §§ 1915A; 1915(e)(2)(B).

## B. No Section 1983 Claim Against DOC Bus Driver

Plaintiff seeks "damages for the negligence of the driver of the New York City Corrections bus. And, for the lack of inspection of said bus . . . ." (Compl. at ECF 5.) Allegations of negligence by prison officials, however, do not rise to the level of a constitutional violation under the Eighth Amendment (if the plaintiff is a convicted inmate) or the Fourteenth Amendment (if the plaintiff is a pretrial detainee). *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("the Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process"); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994) (Eighth Amendment); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (Fourteenth Amendment). Moreover, a negligent motor vehicle accident, in and of itself, is not actionable under § 1983. *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012) (failure of prison officials to provide seatbelt did not, without more, violate the Eighth or Fourteenth Amendment); *Carrasquillo v. City of New York*, 324 F.Supp.2d 428, 436 (S.D.N.Y. 2004).

Here, Plaintiff alleges that he was injured when "the back wheels came off the [DOC] bus." (Compl. at ECF 7.) Plaintiff fails to suggest that the actions of the bus driver caused Plaintiff's injury or that the accident was caused by more than negligent conduct. "[N]either the Constitution, nor any federal statute guarantees a prisoner's right to non-negligent driving by government employees." *Carrasquillo*, 324 F.Supp.2d at 436; *cf. Cuffee v. City of New York*, No. 15-CV-8916 (PGG) (GF), 2017 WL 1232737, at *7 (S.D.N.Y. Mar. 3, 2017), *report and recommendation adopted*, 2017 WL 1134768 (S.D.N.Y. Mar. 27, 2017) (an "in-custody plaintiff injured during transport may . . . state a deliberate-indifference claim if he or she alleges facts in addition to the absence of seatbelts and reckless driving, that, taken as a whole, suggest that the plaintiff was exposed to conditions posing an unreasonable risk of serious harm, and that defendants were aware

4

of those conditions."). At present, Plaintiff fails to state a claim against the DOC bus driver for the accident that occurred on July 31, 2015. Plaintiff's Complaint against the DOC bus driver is dismissed with leave to amend. 28 U.S.C. §§ 1915A; 1915(e)(2)(B).

### C. Improper Venue as to Allegations of Inadequate Medical Care

To the extent Plaintiff alleges the denial of adequate medical care at Mid-State Correctional Facility, that claim is filed in the wrong district court. (Compl. at ECF 6.) Mid-State Correctional Facility is located in Oneida County within the United States District Court for the Northern District of New York. This district is not the proper venue to file any claims concerning the conditions of Plaintiff's confinement at Mid-State Correctional Facility. Pursuant to 28 U.S.C. § 1406(a), the district court may dismiss or transfer the case to the district court in which it could have been brought. Because Plaintiff does not name any proper defendants to support his allegation of the denial of adequate medical care while at Mid-State Correctional Facility, the Court declines to transfer this claim to the Northern District of New York. Accordingly, the Court dismisses this claim without prejudice to filing such claim in the United States District Court for the Northern District of New York.

## CONCLUSION

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Plaintiff's claim concerning his medical treatment while incarcerated at Mid-State Correctional Facility is dismissed without prejudice to filing that claim in the United States District Court for the Northern District of New York.

Furthermore, in light of Plaintiff's *pro se* status, the Court grants him leave to file an amended complaint concerning his claims while incarcerated on Rikers Island within thirty (30) days from the entry of this Memorandum and Order. If Plaintiff elects to file an amended

5

complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order, 18-CV-3751 (PKC) (LB). The amended complaint shall replace the original complaint. Plaintiff must provide facts to support a claim against each defendant named in the amended complaint, including the date and location of the events at issue, a description of what each defendant did or failed to do, and the relief requested. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days.

If Plaintiff fails to file an amended complaint within the time allowed, judgment dismissing this action shall be entered. If submitted, the amended complaint will be reviewed for compliance with this Memorandum and Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: July 17, 2018
   Brooklyn, New York